# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATSY BUCCIERO, JULIUS BAUMGARDT, RUTH GARDNER, MATTHEW HANCOCK and RICH HIRSCHBERG,<br><br>                Plaintiffs,<br><br>-against-<br><br>AMROCK, LLC,<br><br>                Defendant. | Civil Case No.: 7:23-cv-4953 (PMH) |

# NEGOTIATED SETTLEMENT AGREEMENT AND RELEASE

This Negotiated Agreement and Release ("Agreement") is made by and between Rich Hirschberg ("Plaintiff") and Amrock, LLC ("Defendant", and together with Plaintiff, the "Parties").

**WHEREAS**, on June 13, 2023, Plaintiffs Patsy Bucciero, Ruth Gardener and Julius Baumgardt commenced a lawsuit in the United States District Court Southern District of New York against Defendant captioned *Bucciero, et al. v. Amrock, LLC,* 23-cv-4953 (the "Civil Action"). Plaintiff Rich Hirschberg filed a consent form to join the FLSA collective action on July 27, 2023 (ECF Dkt. 23);

**WHEREAS**, on May 20, 2024, Plaintiff Hirschberg was added to the Second Amended Complaint as a Named Plaintiff (ECF Dkt. 84);

**WHEREAS**, on December 19, 2024, the Court granted Defendant's Rule 12(c) motion in part and dismissed Plaintiff Hirschberg's New York Labor Law Claims (ECF Dkt. 147) with prejudice;

**WHEREAS**, the Parties desire to fully and finally resolve and settle in full all claims that the Plaintiff has against Defendant, or may have against Defendant, arising under the FLSA due to Plaintiff's employment with Amrock, LLC, by way of this Agreement;

**WHEREAS**, Counsel of record for both Parties in the Civil Action have negotiated extensively and in good faith to reach a settlement acceptable to the Parties that constitutes a reasonable compromise of the *bona fide* disputes between the Parties;

**WHEREAS**, the Parties understand and agree that Defendant, and any and all present and

former affiliated entities, predecessor entities, successor entities, controlled entities, related business entities and their respective present and former officers, partners, directors, principals, administrators, executors, agents, owners, shareholders, employees, and assigns, individually and in their official capacities, deny each and every allegation of wrongdoing and liability;

**WHEREAS**, the Parties understand and agree that neither the making of this negotiated Agreement nor anything contained herein shall in any way be construed or considered to be an admission by Defendant of liability, guilt or noncompliance with any federal, state, city, or local statute, constitution, rule, ordinance, public policy, wage-hour law, wage-payment law, tort law, contract, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever to Plaintiff Hirschberg;

**WHEREAS**, it is expressly understood and agreed that this Agreement is being entered into solely for the purpose of avoiding the costs of litigation and amicably resolving all matters in controversy, disputes, causes of action, claims, contentions and differences of any kind whatsoever which have been or could have been alleged by Hirschberg against Defendant;

**WHEREAS**, Plaintiff Hirschberg, with full assistance and through consultation with counsel, freely and voluntarily enters into this Agreement in exchange for the promises contained herein and the full payment due from Defendant as provided for below;

**WHEREAS**, the Court has made no findings as to the merits of Plaintiff Hirschberg's FLSA claims and allegations in the Second Amended Complaint filed in the Civil Action; and

**WHEREAS**, the terms and conditions of this Agreement, including the Release incorporated herein, have been explained to the Parties by their counsel.

**NOW THEREFORE**, in consideration of the mutual promises and covenants set forth in this Agreement, as well as the good and valuable consideration provided for herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1. **Consideration.** In consideration for Plaintiff's signing this Agreement and complying with the promises made by Plaintiff contained herein, including the release and waiver of Plaintiff's claims, Defendant Amrock, LLC agrees to provide Plaintiff with the total settlement sum of Fifteen Thousand Dollars and Zero Cents ($15,000.00) in consideration for, and in full satisfaction of, all FLSA claims asserted in the Civil Action and federal wage and hour claims Plaintiff may have against Releasees (as defined below). Such payment shall be apportioned among Plaintiff and Plaintiff's counsel as follows:

> (a) One check made payable to "Rich Hirschberg" in the amount of five thousand dollars ($5,000), less applicable payroll/tax withholdings, in full satisfaction of all Fair Labor Standards Act ("FLSA") wage claims Plaintiff may have for wages allegedly owed by Defendant. An IRS form W-2 will be issued to Plaintiff with respect to this amount;

Doc ID: 9648630b090702152c33100362a6864f541ca968

(b) One check made payable to "Rich Hirschberg" in the amount of five thousand dollars ($5,000), in full satisfaction of any claims for liquidated damages that Plaintiff may have for wages allegedly owed by Defendant. An IRS form 1099-MISC, with the amounts allocated in box 3, will be issued to Plaintiff with respect to this amount; and

(c) One check made payable to "Working Solutions Law Firm PLLC" in the amount of five thousand dollars ($5,000) attorneys' fees and costs, related to representation of Plaintiff for Plaintiff's claims settled herein. An IRS Form 1099-MISC, with the amounts allocated in box 10, will be issued to Working Solutions Law Firm PLLC with respect to this amount.

Plaintiff shall provide Defendant with an executed copy of this Agreement. The payment of the Settlement Sum shall be made within thirty (30) business days after the Court approves this Agreement and dismisses Plaintiff Hirschberg's FLSA claims with prejudice from the Action by so ordering the stipulation attached as "Exhibit A," and Plaintiff and Plaintiff's attorney complete, execute, and submit IRS tax forms to counsel for Defendant.

Plaintiff agrees and acknowledges that Defendant and Defendant's counsel have not made any representations to Plaintiff regarding the tax consequences of any payments or amounts received pursuant to this Agreement. Plaintiff agrees to indemnify Defendant against the payment of any taxes, interests, penalties, and other liabilities or costs that may be assessed upon its portion of the Settlement Sum. Provided, however, that nothing within this paragraph shall require Plaintiff to indemnify or hold Defendant harmless for its own negligence or intentional misconduct with respect to calculating, withholding or remitting from the payments set forth above the appropriate amount of taxes and other withholdings as required by IRS or State law or regulations.

2. **No Consideration Absent Execution of this Agreement.** Plaintiff understands and agrees that Plaintiff would not receive the monies specified in Paragraph "1" above, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein.

3. **Release of FLSA Wage and Hour Claims.** Plaintiff, his heirs, executors, administrators, successors and assigns voluntarily release and forever discharge Defendant, its affiliates, and any parents, subsidiaries, predecessors, successors, assigns and/or affiliated companies businesses or entities and all of their respective trustees, current and former officers, agents, directors, members, managers, supervisors, employees, shareholders, representatives, and their predecessors, successors and assigns, both individually and in any representative capacity (collectively "Releasees"), of and from all FLSA wage and hour claims that were asserted or could have been asserted by Plaintiff against Releasees in the Action. The released claims include, but are not limited to, all FLSA claims for overtime wages and liquidated damages and interest on such claims, and attorneys' fees and costs related to such claims through the date of this Agreement is executed by both Parties.

4. **Acknowledgments and Affirmations.** Plaintiff affirms that Plaintiff has not filed or caused to be filed, and is not presently a party to, any claim against Defendant except for his FLSA claims in the Civil Action (which he agrees to dismiss with prejudice).

Plaintiff affirms that he has been paid and/or has received all compensation, wages, bonuses, commissions and/or benefits to which Plaintiff may be entitled.

Plaintiff affirms he is not a Medicare or Medicaid beneficiary as of the date of this Agreement and, therefore, no conditional payments have been made by Medicare or Medicaid.

The Parties acknowledge that this Agreement does not limit Plaintiff's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency.  To the extent permitted by law, Plaintiff agrees that if such an administrative wage and hour claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies. But for purposes of approval of the settlement, neither this agreement, discussions about this agreement, or the contents of this agreement shall be admissible in any proceeding except in an action to enforce this Agreement.

5. **Procedure.**  After this Agreement is executed by the Parties, the Parties will jointly submit the Agreement to the Court for the Court's consideration and approval.  The Court's approval of all provisions of this Agreement is a material term of this Agreement.  Plaintiff believes that this settlement is fair and reasonable and authorizes his attorney to seek approval of the settlement as fair and reasonable under the FLSA, and dismissal of the Action with prejudice.

6. **Governing Law and Interpretation.**  This Agreement shall be governed and conformed in accordance with the laws of the State of Michigan without regard to its conflict of laws provision.  In the event of a breach of any provision of this Agreement, the Parties will be entitled to all remedies available at law.  Except as to the payment provisions, should any provision of this Agreement be declared illegal or unenforceable and cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.  The Court presiding over the Civil Action, as defined above, will retain exclusive jurisdiction to enforce this Agreement and any dispute shall be resolved by such Court without a jury.

7. **Non-admission of Wrongdoing.**  The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

8. **Amendment.**  This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

Doc ID: 9648630b090702152c33100362a6864f541ca968

9. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties, and fully supersedes any prior agreements or understandings between the Parties, except for the Severance Agreement Hirschberg executed on March 15, 2023, which remains in full force and effect. Plaintiff acknowledges that he has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

10. **Counterparts.** This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original, and such counterparts will together constitute one Agreement. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party who transmits the signature page by facsimile or email.

**PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND REVIEW WITH PLAINTIFF'S ATTORNEYS, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

Rich Hirschberg

Dated: 04 / 28 / 2025, 2025

*Richard L. Hirschberg*

Rich Hirschberg

On Behalf of Defendant Amrock, LLC

Dated: _____, 2025

By: _____
Name:
Title:

5
*Execution Copy*

Doc ID: 9648630b090702152c33100362a6864f541ca968

9. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties, and fully supersedes any prior agreements or understandings between the Parties, except for the Severance Agreement Hirschberg executed on March 15, 2023, which remains in full force and effect. Plaintiff acknowledges that he has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

10. **Counterparts.** This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original, and such counterparts will together constitute one Agreement. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party who transmits the signature page by facsimile or email.

**PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND REVIEW WITH PLAINTIFF'S ATTORNEYS, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

Rich Hirschberg

Dated: _____, 2025

_____
Rich Hirschberg

On Behalf of Defendant Amrock, LLC

Dated: _____, 2025
4/28/2025

By: *Nicole Beattie*
Name: Nicole Beattie
Title: CEO

5
*Execution Copy*

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATSY BUCCIERO, JULIUS BAUMGARDT, RUTH GARDNER, MATTHEW HANCOCK and RICH HIRSCHBERG,<br><br>Plaintiffs,<br><br>-against-<br><br>AMROCK, LLC,<br><br>Defendant. | Civil Case No.: 7:23-cv-4953 (PMH) |

**STIPULATION AND ORDER OF FINAL DISMISSAL WITH PREJUDICE OF PLAINTIFF HIRSCHBERG'S FLSA CLAIMS**

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Rich Hirschberg ("Plaintiff") and Defendant Amrock, LLC ("Defendant"), that the Negotiated Settlement Agreement and Release in this matter having been reviewed by the Court and found to be fair and reasonable, Plaintiff Hirschberg's claims in the above-captioned action shall be dismissed in their entirety, with prejudice, in accordance with the terms of the Negotiated Settlement Agreement and Release. The Court retains exclusive jurisdiction to enforce this Agreement.

| | |
|---|---|
| WORKING SOLUTIONS LAW FIRM PLLC<br>*Attorneys for Plaintiffs*<br>80 Broad Street, Suite 703<br>New York, NY 10004<br><br>By:_____/s/ Rachel Haskell_____<br>Rachel Haskell, Esq.<br>Jessica Cahill, Esq.<br><br>Dated: 4/28/25 | JACKSON LEWIS P.C.<br>*Attorneys for Defendant*<br>2000 Town Center, Suite 1659<br>Southfield, MI 48075<br><br>By:_____<br>Allan S. Rubin, Esq.<br>Greg Riolo, Esq.<br><br>Dated:_____ |

2
*Execution Copy*

Doc ID: 9648630b090702152c33100362a6864f541ca968

SO ORDERED on this _____ day of _____, 2025.

_____
_____

By: _____.

4911-4439-8906, v. 1

Doc ID: 9648630b090702152c33100362a6864f541ca968