# JacksonLewis

DIRECT DIAL: (248) 936-1930
EMAIL ADDRESS: Allan.Rubin@jacksonlewis.com

> Having carefully reviewed the fairness letter as well as the executed proposed settlement agreement, the Court finds that all of the terms of the proposed settlement (including the allocation of attorneys' fees and costs) appear to be fair and reasonable under the totality of the circumstances (and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). *See Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). Accordingly, the proposed settlement between Amrock and Hirschberg is hereby approved.
>
> SO ORDERED
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>         April 29, 2025

**VIA ECF**

The Honorable Philip M. Halpern
Hon. Charles L. Brieant Jr.
Federal Building and Courthouse
300 Quarropas Street
White Plains, New York 10601

Re:   *Bucciero, et al. v. Amrock, LLC*
      Civil Case No.:  23-cv-4953

Dear Judge Halpern:

      We represent Defendant Amrock, LLC ("Amrock") in the above-referenced Fair Labor Standards Act ("FLSA") matter. We write, jointly with Plaintiff's counsel, to respectfully request that Your Honor approve the Parties' proposed Settlement Agreement submitted as Exhibit A and dismiss Plaintiff Rich Hirschberg and his remaining FLSA claims with prejudice pursuant to the Parties' Stipulation (attached as Exhibit B). Amrock takes no position with respect to Section III (attorneys' fees) below, except states that both Parties believe the settlement is a fair and reasonable resolution of the disputed issues under the supervision doctrine. *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199, 203 (2d Cir. 2015) (citing *Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982)).

### I.   Background and Procedural History

      Amrock employed Rich Hirschberg ("Plaintiff") as a Certified Team Appraiser for about ten years, from March 25, 2013, through March 15, 2023. Plaintiffs Patsy Bucciero, Ruth Gardener and Julius Baumgardt commenced the instant action against Amrock in the United States District Court Southern District of New York, on June 13, 2023, alleging violations of the overtime provisions of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), as well as wage statement violations under Section 195(1) and 195(3) of the NYLL. *See* ECF Dkt. 1. Plaintiff Hirschberg filed a consent form to join the FLSA collective action on July 27, 2023, ECF Dkt. 23, and Plaintiffs filed a Second Amended Complaint on May 20, 2024, adding Hirschberg as a Named Plaintiff, ECF Dkt. 84. On December 19, 2024, your Honor granted Amrock's Rule 12(c) motion in part and dismissed Plaintiff Hirschberg's NYLL claims with prejudice. ECF Dkt. 147. Thus, only his FLSA claims are pending.

The Parties have been discussing settlement and presented *bona fide* disputes regarding Plaintiff's hours worked and whether Plaintiff Hirschberg received all premium overtime due to him. Amrock also provided Plaintiff with a copy of the severance agreement he executed, which Amrock contends waives all claims against Amrock, including wage and hour claims.

Since the filing of this lawsuit, the parties have participated in the pilot FLSA mediation program, attended a full-day private mediation in July 2024, and participated in a settlement conference with Magistrate Judge Reznik on February 12, 2025. Following the settlement conference, the parties continued (and still continue) to exchange settlement proposals about this case with the assistance of Magistrate Judge Reznik. The parties, with the assistance of Magistrate Judge Reznik were able to resolve Plaintiff Hirschberg's claims for fifteen thousand dollars and zero cents ($15,000), which reflects a compromise on the disputed issues. The Parties respectfully request that your Honor approve this FLSA settlement and dismiss Plaintiff Hirschberg's FLSA claims with prejudice.

As detailed below, Plaintiff's counsel believes that this settlement is a good result for Plaintiff Hirschberg, and it should be approved as fair and reasonable. Plaintiff's counsel also believes the settlement is fair and reasonable in light of the uncertainties associated with establishing Plaintiff Hirschberg's precise amount of overtime hours worked and overtime premiums owed. *Sloben v. SDI Int'l Corp.,* 20-cv-4717 (PMH), 2021 U.S. Dist. LEXIS 171218, at *2 (S.D.N.Y. Sept. 9, 2021) ("If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.") (internal citations omitted). Absent settlement, there was a substantial risk that Amrock's defenses would have substantially limited recovery, even if Plaintiff Hirschberg were to ultimately prevail at trial.

## II.     The Settlement is Fair and Reasonable

In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. SITA Info. Networking Computing USA, Inc.*, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (quoting *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Emp't Standards Admin.*, Wage & Hour Div., 679 F.2d 1350, 1354 (11th Cir. 1982)).

In evaluating the proposed settlement of Plaintiff's FLSA claims, this Court should consider the totality of the circumstances, including the following factors: (1) the Plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

A. *Plaintiff's Range of Possible Recovery*

The proposed settlement is substantial and is within the range of reasonableness of recovery if Plaintiff had succeeded at trial. Fifteen thousand dollars ($15,000) is approximately 20% of Plaintiff's maximum possible alleged damages (i.e., if the fluctuating work week did not apply) and 95-100% of his damages if the fluctuating work week applied **_and_** he proved off-the-clock time worked that Amrock knew or should have known. Recovery of this percentage of potential damages is within the range of settlements approved by courts in this District. *See, e.g., Kassman*, 2021 WL 1393296, at *3 (approving settlement of claims under *Cheeks* where plaintiffs received approximately 20% of alleged damages); *Santos v. YMY Mgmt. Corp.*, No. 15 Civ. 3986, 2021 WL 431451, at *1 (S.D.N.Y. Feb. 8, 2021) (approving a settlement where plaintiffs received approximately 18% of total alleged damages); *Amhaz v. Booking.com (USA) Inc.*, No. 17 Civ. 2120, 2019 WL 9122944, at *2 (S.D.N.Y. Oct. 29, 2019), *report and recommendation adopted*, No. 17 Civ. 2120, 2020 WL 3298264 (S.D.N.Y. June 29, 2020) (approving a settlement where plaintiffs received 9.4% of total alleged damages).

When considering that the mediation-related information exchange, this recovery is well within the range of possible recovery. Pursuant to the settlement agreement, even after attorneys' fees and costs, Plaintiff will receive $10,000. Based on Plaintiff's counsel's damages assessment, this settlement represents a recovery for the Plaintiff well within the range of reasonableness when compared to his possible recovery. Notably, Defendant maintains that Plaintiff was properly paid at the half-time rate under the fluctuating workweek, and that even if he did work hours off-clock-clock, Defendant maintains that they did not know of such work. As such, Plaintiff risks receiving substantially less, or possibly nothing, if Defendant were to prevail at trial.

B. *The Extent to Which the Settlement Will Enable the Parties To Avoid Anticipated Burdens And Expenses In Establishing Their Respective Claims And Defenses And The Seriousness Of The Litigation Risks Faced By The Parties*

A settlement avoids a trial on the merits that would have an uncertain potential outcome. *See Morris v. Affinity Health Plan*, 859 F.Supp.2d 611, 620 (S.D.N.Y. 2012). In reviewing the risks of establishing liability and damages, the Court "must only weigh the likelihood of success by the Plaintiffs against the relief offered by the Settlement." *Sewell v. Bovis Lend Lease, Inc.*, 2012 WL 1320124, at *8 (S.D.N.Y. Apr. 16, 2012).

Considering these factors, the settlement represents a reasonable compromise of the bona fide disputes related to Mr. Hirschberg's claims. While Plaintiff's counsel anticipates favorable outcomes at trial and appeal, the nature of jury trial and appellate practice is inherently uncertain and lengthy. The settlement eliminates these risks for Mr. Hirshberg, particularly given the dismissal of his NYLL claims.

Without admitting any liability or wrongdoing, Defendant is making a business decision to enter this settlement and forego litigation over disputed issues of law and fact to bring an early and cost-effective resolution to Mr. Hirshberg's claims.

On the other hand, Plaintiff is willing to resolve his FLSA claims because he will receive immediate payment and will avoid the uncertainty a trial. Weighing the benefits of an almost immediate, guaranteed payment to the Plaintiff against the risks and burdens associated with proceeding with a lengthy litigation, the settlement is reasonable, and these factors weigh in favor of approval.

### C. Whether the Settlement Agreement is the Product of Arm's-Length Bargaining

A "presumption of fairness, adequacy and reasonableness may attach to a…settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (internal quotations omitted). Importantly, a settlement like this one, reached with the help of a third-party neutral, enjoys a "presumption that the settlement achieved meets the requirements of due process." *See Johnson v. Brennan*, 10 Civ. 4712 CM, 2011 WL 4357376, at *8 (S.D.N.Y. Sept. 16, 2011); (citations omitted); *see also In re Penthouse Exec. Club Comp. Litig.*, No. 10 Civ. 1145 at *2, 2013 WL 1828598 (S.D.N.Y. April 30, 2013) (granting preliminary approval in part based on participation of neutral mediator). At all times, the Parties' negotiations were on an arm's-length basis by attorneys well-versed in wage and hour litigation and with the assistance of Magistrate Judge Reznick, who served as a neutral mediator. Because the settlement involves a clear and bona fide wage dispute in contested litigation, which was resolved through an arm's-length settlement process, it should be granted judicial approval.

### D. Possibility of Fraud or Collusion

Here, there is no question that the settlement did not come about because of "overreaching" by the employer. To the contrary, the Parties are represented by counsel experienced in wage and hour law who duly counseled their respective clients throughout the negotiations on the benefits and risks of continued litigation. "Absent fraud or collusion, [courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." I*n re EVCI Career Colls. Holding Corp. Sec. Litig.*, 2007 WL 2230177, at *4 (S.D.N.Y July 27, 2007). Here, the settlement was reached at a Court-ordered settlement conference with a magistrate judge after the Parties were able to fully evaluate the strengths and weaknesses of the claims and defenses presented in the case. Thus, there was no fraud or collusion between counsel and as such, the Settlement Agreement should be approved.

This settlement thus constitutes a classic compromise of contested issues, reached based on arm's length negotiations between experienced FLSA counsel and with the assistance of Magistrate Judge Reznik. The terms of the FLSA Settlement Agreement are fair and reasonable in accordance with *Cheeks*. *See Morales v. Fross, Zelnick, Lehrman & Zissu, P.C.*, 21-cv-4509 (PMH) 2021 U.S. Dist. LEXIS 233363 (S.D.N.Y. Dec. 6, 2021).

### III.    Attorneys' Fees Are Fair and Reasonable

Under the proposed Settlement Agreement, Plaintiff's attorneys' fees and costs are five thousand ($5,000). Plaintiff's counsel submits that the requested fees and costs are reasonable. A court may calculate a reasonable attorneys' fee either by determining the so-called "lodestar" amount or by awarding a percentage of the settlement. *See McDaniel v. Cty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Plaintiff's attorneys are seeking fees representing one-third of the settlement. Pursuant to the written retainer agreement between Working Solutions Law Firm (the "Firm") and the Plaintiff, Plaintiff agreed that the Firm would represent him on a contingency basis to recover unpaid wages and that the Firm would either retain 33.33% of any gross recovery or the full amount of any Court-awarded attorneys' fees, plus the costs and disbursements incurred by the Firm.

The actual lodestar amount in this matter far exceeds $250,000.[1] Even just looking at time entries in preparing this *Cheeks* letter motion, finalizing Mr. Hirschberg's settlement agreement, and the settlement conference with Judge Reznik where the parties spent considerable time attempting to resolve Mr. Hirshberg's claims, the loadstar exceeds $5,000. *See* Exhibit C. The lodestar amount was calculated using an hourly rate of $600 for attorneys Christopher Davis and Brendan Sweeney; $500 for attorney Rachel Haskell; $450 for Jessica Cahill. For non-contingency matters, the firm typically bills Mr. Davis and Mr. Sweeney at $700; Ms. Haskell at a rate of $600 an hour; Jessica Cahill at a rate of $550; and law clerks at $125.[2] None of this time includes the hours Plaintiff's counsel spent litigating this matter collectively on behalf of Mr. Hirshberg, but also the 4 remaining Plaintiffs.

Plaintiff's counsel does not seek a lodestar multiplier and in fact is requesting less than they have billed even just for settling Mr. Hirshberg's claims. Courts usually apply the percentage method and loosely use the lodestar method as a "baseline" or as a "cross check." *Goldberger v. Integrated Res. Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). The Second Circuit "encourages the practice of requiring documentation of hours as a 'cross check' on the reasonableness of the requested percentage." *Id.* (citation omitted); s*ee also Parker, v. Jekyll & Hyde Entm't Holdings, LLC*, No. 08 Civ. 7670, 2010 WL 532960, at *2 (S.D.N.Y. Feb. 9, 2010) (endorsing the Goldberger "cross check[]"). As part of the cross check, the lodestar is determined by multiplying the hours reasonably expended on the case by a reasonable hourly rate. *See Hicks v. Morgan Stanley, et. al.*, No. 01 Civ. 10071, 2005 WL 2757792, at *10 (S.D.N.Y. Oct. 24, 2005). In calculating the lodestar for cross-check purposes, "the hours documented by counsel need not be exhaustively scrutinized

---

[1]    Plaintiff's counsel's lodestar in this matter includes a significant amount of time spent in prosecuting the claims on behalf of all five plaintiffs. It is difficult to isolate the work limited to Mr. Hirshberg. For purposes of this motion, we have attempted to limit the time entries to those most directly related to resolving Mr. Hirshberg's claims.

[2]    For purposes of this motion, Amrock takes no position on the reasonableness of the hourly rates sought by Plaintiff's counsel, but does not object to the overall fees and costs sougts.

by the district court." *Goldfberger*, 209 F.3d at 50 (citation omitted). Rather, "the reasonableness of the claimed lodestar can be tested by the court's familiarity with the case[.]" *Id.*

The Plaintiff has been represented by Working Solutions Law Firm, a firm that almost exclusively practices plaintiff-side labor and employment law.

Christopher Davis has been practicing law for over 20 years with a primary focus on litigation of labor and employment law cases. Prior to entering private practice, Mr. Davis was employed as an Assistant District Attorney in the Manhattan District Attorney's Office. Following his tenure as an Assistant District Attorney, he entered private practice working exclusive on employment law matters until opening starting his own practice. He has extensive experience managing and litigating overtime lawsuits, including lawsuits brought under the FLSA.

Rachel Haskell is a Partner at Working Solutions. She has been practicing law for over 12 years, is licensed in New York, New Jersey and Massachusetts, and has focused her practice exclusively on labor and employment law. Ms. Haskell is a member of the New York chapter of the National Employment Lawyers Association (NELA-NY) and has previously given CLEs on wage and hour matters. Ms. Haskell has also been named a "Rising Star" by Super Lawyers since 2019. Throughout her career, Ms. Haskell has been the lead associate and later partner on numerous wage and hour cases, including both individual cases such as this as well as class and collective actions.

Jessica Cahill is of Counsel for the Firm. Ms. Cahill has been practicing law for over 12 years and is licensed in Connecticut, Massachusetts, and New York. She began legal career clerking at the Massachusetts Superior Court, where she assisted the Justices in all phases of criminal and civil litigation, including employment matters. Following her clerkship, Ms. Cahill worked as an Assistant District Attorney in Massachusetts in the Sexual Assault and Family Violence Unit and was then appointed to the Appeals Unit. Ms. Cahill has been practicing employment law for the past three years.

### IV. Conclusion

For the reasons above, the Parties respectfully ask the Court to approve their Negotiated Settlement Agreement as fair and reasonable under the circumstances here. The Parties also respectfully request that the executed Stipulation And Order of Dismissal With Prejudice, attached as Exhibit B, be "So Ordered" by the Court and that the Clerk be directed to dismiss Plaintiff Hirschberg and his FLSA claims with prejudice from the Action. In the event the Court has any questions regarding the Parties' agreement or if the Court requires any additional information regarding the settlement, counsel for the Parties will make themselves available for a telephone or in-person conference.

We thank the Court for its time and attention to this application.

                                                                                                   Respectfully submitted,

| WORKING SOLUTIONS LAW FIRM PLLC | JACKSON LEWIS P.C. |
|---|---|
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |
| 80 Broad Street, Suite 703 | 2000 Town Center, Suite 1659 |
| New York, NY 10004 | Southfield, MI 48075 |
| By: /s/ | By: *Allan S. Rubin* |
|    Rachel Haskell, Esq. |    Allan S. Rubin, Esq. |
|    Jessica Cahill, Esq. |    Greg Riolo, Esq. |
| Dated: April 28, 2025 | Dated: April 28, 2025 |

cc: All Counsel of Record (*via ECF*)